

Filed
JUL 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS STEPNEY,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 07-01479 MHP

**ORDER TO SHOW CAUSE**

On March 27, 2006 the court sentenced petitioner Douglas Stepney to a prison term of twenty-three years for his role in a drug conspiracy in violation of 21 U.S.C. section 846, a drive-by shooting in violation of 18 U.S.C. section 26, and a conspiracy to use and carry firearms in violation of 18 U.S.C. section 924(o). Now before the court is petitioner Stepney's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. section 2255.

BACKGROUND

    On September 13, 2001 Douglas Stepney was charged with numerous counts of violating federal drug and firearms laws. On March 27, 2006 petitioner was sentenced to a prison term of twenty-three years according to a guilty plea agreement. Judgment was entered on March 28, 2006. Stepney filed this section 2255 motion on March 11, 2007, asking the court to vacate, set aside or correct his sentence in light of an alleged denial of effective assistance of counsel.

## LEGAL STANDARD

Pursuant to section 2255 a petitioner may move to vacate, set aside or correct his or her sentence. 28 U.S.C. § 2255. The federal habeas statute allows a prisoner in federal custody to challenge the imposition or the length of the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. If any of these four grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

Rule 4(b) of the Rules Governing Section 2255 Proceedings mandates that the district court summarily dismiss a section 2255 motion "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." See Rule 4(b), Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code; United States v. Mathews, 833 F.2d 161, 164 (9th Cir. 1987). Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 75–76 (1977)).

A petitioner has one year to file a section 2255 motion from the latest of (1) the date on which his judgment of conviction became final; or (2) the date on which an impediment to filing the motion, created by a governmental action, was removed; or (3) the date on which the right asserted was first recognized by the Supreme Court; or (4) the date on which, through due diligence, the facts supporting the claim(s) could have been discovered. 28 U.S.C. § 2255.

## DISCUSSION

Petitioner acknowledges that he has waived some of his rights to challenge his sentence under the plea agreement ("Agreement") he signed. The plea agreement contains several provisions that limit the petitioner's rights to appeal, including a statement that "[petitioner] agree[s] not to file

any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. section 2255, at any time in the future after [petitioner is] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated." Plea Agreement ¶ 6.

Stepney asserts on two grounds that he was denied his constitutional right to effective assistance of counsel. First, he alleges that counsel failed to challenge the leadership role enhancement to his sentence either as a duplicative punishment or as a violation of an explicit exception to the plea agreement. See Plea Agreement ¶ 8. The relevant language from the Agreement states that:

> I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offenses or the sentencing decision (but not including any information that the defendant has provided to the government).

Plea Agreement ¶ 8. Stepney alleges that leadership role information must have been provided to the Probation Office in violation of the provision of the Agreement. He contends that his counsel was ineffective in failing to argue, based on this provision, that his leadership conduct was already reflected in the adjusted offense level in the agreement. This failure, he contends, prejudiced him by increasing his sentence. Stepney contends that if this argument based on the provision of the Agreement is invalid, then his counsel was ineffective because counsel negotiated an agreement that deceived Stepney on the issue of enhancements for his leadership role.

Stepney's second ground for his ineffective assistance of counsel claim appears to be based on the language of 18 U.S.C. section 3553(a), which outlines the factors the court must consider in imposing a sentence. Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection [which refers to goals of sentencing—retribution, remediation, and deterrence]." Stepney appears to argue that the adjusted offense level, before the leadership role enhancement, was "sufficient but not greater than necessary" per the terms of section 3553(a). He contends that the language of the Agreement invites enhancement beyond the adjusted offense level by suggesting that such a sentence would be "reasonable and appropriate." Plea Agreement ¶ 9 (setting forth Stepney's agreement that a sentence of 23 years—which includes a leadership role enhancement—is a "reasonable and

3

appropriate disposition of this case"). Stepney faults his attorney for failing to argue that the Agreement's reference to a reasonable and appropriate sentence suggests a range of reasonable sentences rather than a single reasonable sentence. Under Stepney's theory, counsel was ineffective by failing to argue that the Agreement's language permitted a range of sentences, thereby foreclosing the possibility that the court would impose a sentence without an enhancement.

The court notes its concern that these arguments are far-fetched. Nonetheless, by alleging that counsel failed to perform adequately and that such failure was prejudicial, Stepney has raised a cognizable claim for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Strickland establishes the standard that petitioner must show both deficient performance, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and resulting prejudice such that "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687, 694. Stepney has raised challenges to the effectiveness of counsel, and he has alleged that he was prejudiced, in the form of a sentencing enhancement, by those errors.

CONCLUSION

Accordingly, for the reasons stated above, respondent is hereby ORDERED to answer the motion within sixty (60) day s of the date on which this order is entered. Petitioner may file a reply within thirty (30) days of the date on which the answer is due.

IT IS SO ORDERED.

Dated: July 5, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California